HOMER L. STRONG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19507. Promulgated December 21, 1928.

*Homer L. Strong* pro se.
*J. Arthur Adams*, Esq., for the respondent.

OPINION.

MORRIS: The issue presented for consideration resolves itself into the simple question of whether the amount by which the respondent has increased the petitioner's income for the year 1923 is deductible under the statute in arriving at the net income subject to tax.

Respondent's disallowance of the amount in controversy was predicated upon the fact that it constituted a capital expenditure. In

reaching the conclusion that an amount of this character is a capital expenditure instead of a deductible expense, it is essential that the expenditure result in the acquisition, development or improvement of a capital asset having a useful life beyond the taxable year in which the outlay was made. The record here is clear that the original inventor of the machine acquired by the petitioner expended in the neighborhood of $500,000 in an effort to perfect it; that upon acquisition by the petitioner it was discovered that it had many mechanical imperfections, namely, that it would waste grain, would throw it into the stack, and would not clean it; that the petitioner expended the amount in question for labor, material, drawings, patterns, and models, all of which were used in experiments, in his endeavor to bring about the desired improvements and correct the defects just related. The record further shows that, notwithstanding these attempted improvements, the machine was mechanically imperfect as it was theretofore and was an absolute failure all during 1923. We are convinced, therefore, that the amounts expended, aggregating $4,461.77, added no capital improvement to the machine, certainly not of a lasting nature, which could in anywise be considered as a capital investment. The petitioner was engaged in purely experimental work in the development of this machine for commercial purposes and the losses sustained or expenses incurred by him are, in our opinion, deductible in the computation of his net income for the year 1923.

*Judgment will be entered under Rule 50.*